USCA1 Opinion

 

 [NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________No. 97-2250 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ONE RURAL LOT, ET AL., Defendants, Appellees.  RAMON TORRES-GONZALEZ, Claimant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] ____________________ Before Torruella, Chief Judge, Selya and Boudin, Circuit Judges. ____________________ Ramon Torres-Gonzalez on brief pro se. Guillermo Gil, United States Attorney, and Miguel A. Fernandez,Assistant United States Attorney, on brief for appellee United States ofAmerica. ____________________ May 8, 1998 ____________________ Per Curiam. We assume arguendo that appellate jurisdiction exists and summarily affirm the "final decree of forfeiture." As was the case in a similar appeal recently filed by this same appellant, the double jeopardy argument emphasized below is now defunct in light of United States v. Ursery, 518 U.S. 267 (1996). And the arguments advanced on appeal were never squarely presented to the district court and prove unavailing in any event. In particular, the suggestion that the government lacked standing to bring the instant forfeiture action is baseless.  The argument that the filing of multiple forfeiture proceedings contravened res judicata or collateral estoppel is meritless, especially given the lack of any indication that they involved overlapping properties. The remaining contentions advanced by appellant--that Ursery cannot be applied retroactively; that the forfeitures here violated the Takings Clause; and that his plea agreement was invalid--can be rejected without comment.  Affirmed. See Loc. R. 27.1.